THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Willie Johnson,
 William Wooten, Bronsil Metz, Robert Valentine, Johnnie Metz, Barbara Brown,
 Emogene Carver, Dennis Metz, Curtis Carver, Randall Shirley, Dorothy Smith,
 Louise McGill, Roy Graham, Furman Manlay, Henry Holley and Annette Holley, Appellants,
 
 
 

v.

 
 
 
 Town of Iva,
 Iva City Council and Mayor Bobby Gentry (in their official capacities) and
 Anthony Burdette, Respondents.
 
 
 

Appeal From Anderson County
 Alexander S. Macaulay, Circuit Court
Judge

Unpublished Opinion No. 2011-UP-076
 Heard September 16, 2010  Filed February
24, 2011   

AFFIRMED AS MODIFIED

 
 
 
 Donald Gist and John S. Nichols, both of Columbia, for Appellants.
 Mary C. McCormac, of Clemson, for Respondents.
 
 
 

PER CURIAM: Willie
 Johnson and other property owners in the Town of Iva (Appellants) appeal the
 trial court's order granting summary judgment to the Town of Iva, Iva City
 Council, and Mayor Bobby Gentry (Respondents).  We affirm as modified.  
FACTS/PROCEDURAL HISTORY
In November of 2001, vendors
 contacted Shirley Powell, then Mayor of the Town, requesting late payment of
 the Town's bills.  Upon her inquiry, Town Clerk Anthony Burdette claimed he
 purchased items for his father-in-law's business using the Town's funds. 
 Powell further found the Town was in severe debt and did not have the revenue
 coming in to cover expenses.  She requested an investigation and hired
 certified public accountants to audit the Town for the fiscal year ending on
 June 30, 2001.  The auditor found the Town's finances were poorly kept and
 handled.  Due to several irregularities the auditor was unable to verify the
 exact amount of money missing or pinpoint the wrongdoing.  The auditor
 discovered the Town had an abundance of supplies it did not need and invoices
 for merchandise it did not need.  Taxes, water bills, and insurance premiums
 were not up to date.  In addition, people were allowed to make partial payments
 on their utilities.  The auditor found the Town had not paid state retirement
 since June 2000, had not paid federal and state withholding tax, had not filed
 quarterly payroll tax reports for 2001, and had not paid police remittance of
 fines to the state since October of 2000.  The Town had no cash to pay bills,
 books had not been kept since October of 2000, property tax notices had not
 been mailed, and other bills remained unpaid.  In addition, there was a
 substantial problem with the cemetery funds.  
In order to alleviate its
 financial problems, the Town passed an ordinance in February of 2002 increasing
 the water and sewer bills.  It adopted an ordinance to increase the property
 taxes by 21.1% in July 2002.  The increased property tax notices were mailed in
 September and October 2002.  
Appellants brought this
 action against Respondents on May 5, 2005. They asserted causes of action for
 negligence/gross negligence, civil conspiracy, fraud/misrepresentation,
 constructive fraud, conversion, breach of fiduciary duty, negligent
 supervision, and violation of the Freedom of Information Act.[1] 
 Respondents filed a motion for summary judgment, asserting, among other issues,
 Respondents were immune from liability under the South Carolina Tort Claims Act
 (the Act)[2] and the two-year statute of limitation for actions brought under the Act[3] had run.  Appellants asserted they had no notice of the Respondents' wrongdoing
 until they received a copy of a report from the South Carolina Law Enforcement
 Division (SLED) in early 2004 addressing the Town's alleged mismanagement.  
The trial court held Appellants'
 claims were barred by the statute of limitations.  The trial court rejected Appellants'
 argument that Respondents were estopped from asserting the statute of
 limitations.  In addition, it found Respondents had not violated the Freedom of
 Information Act.  It did not address Respondents' other issues.  Appellants
 filed a motion to alter or amend, which the trial court denied.  This appeal
 followed.  
LAW/ANALYSIS
Appellants argue the trial
 court erred in granting summary judgment on their claims.  We find Appellants'
 claims fall within the Act's exceptions to the waiver of immunity and thus fail
 as a matter of law.[4]  
The Act "is the
 exclusive and sole remedy for any tort committed by an employee of a
 governmental entity while acting within the scope of the employee's official
 duty."  S.C. Code Ann. § 15-78-200 (2005).  The courts must liberally
 construe the Act in favor of limiting the liability of the governmental
 entity.  Id.  The Act sets forth several exceptions to the waiver of
 liability.  It provides:

 The
 governmental entity is not liable for a loss resulting from:
 (1)
 legislative, judicial, or quasi-judicial action or inaction; 
 (2)
 administrative action or inaction of a legislative, judicial, or quasi-judicial
 nature; 
 . . . .
  (4)
 adoption, enforcement, or compliance with any law or failure to adopt or
 enforce any law, whether valid or invalid, including, but not limited to, any
 charter, provision, ordinance, resolution, rule, regulation, or written
 policies; 
 (5) the
 exercise of discretion or judgment by the governmental entity or employee or
 the performance or failure to perform any act or service which is in the
 discretion or judgment of the governmental entity or employee; 
 . . . .
  (11)
 assessment or collection of taxes or special assessments or enforcement of tax
 laws. . . .  

S.C. Code Ann. § 15-78-60
 (2005) (emphasis added).  
The Act defines the word "loss"
 as 

 bodily
 injury, disease, death, or damage to tangible property, including lost wages
 and economic loss to the person who suffered the injury, disease, or death,
 pain and suffering, mental anguish, and any other element of actual damages
 recoverable in actions for negligence, but does not include the intentional
 infliction of emotional harm.

S.C. Code Ann. § 15-78-30(f)
 (2005).
 Appellants asserted causes
 of action for negligence/gross negligence, civil conspiracy,
 fraud/misrepresentation, constructive fraud, conversion, breach of fiduciary
 duty, and negligent supervision.  They insisted in their memorandum opposing
 summary judgment that this is not a taxpayer action.  Thus, their claims are
 subject to the Act.  However, the only economic "loss" Appellants
 claim directly resulted from the increase in taxes and water/sewer bills.  Appellants
 alleged:  "As a result of the town's mismanagement, the town became
 insolvent and citizens have been subjected to increased property taxes and
 water and sewage bills."  The Town's enactment of ordinances increasing
 the taxes and water/sewer bills falls within the above-listed exceptions to
 liability.  We find the Act does not permit Appellants to establish tort
 liability by looking toward the reasons the Town may have enacted these
 ordinances when the enactment of the ordinances is clearly protected under the
 Act.  Accordingly, the Respondents are immune from Appellants' claims and
 summary judgment was appropriate.  
The order of the trial court
 granting Respondents' motion for summary judgment is 
AFFIRMED AS MODIFIED.  
FEW, C.J., and HUFF and
 GEATHERS, JJ. concur.  

[1] S.C. Code Ann. §§ 30-4-10 to -165 (2007 & Supp. 2010).
[2] S.C. Code Ann. § 15-78-10 to -220 (2005 & Supp. 2010).
[3] S.C. Code Ann. § 15-78-110 (2005).  
[4]See Rule 220(c), SCACR (noting "[t]he appellate court may affirm
 any ruling, order, decision or judgment upon any ground(s) appearing in the
 Record on Appeal"); see also I'On, L.L.C. v. Town of Mt.
 Pleasant, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000).